IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00814-KLM

LORI GAMA,

    Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION, and
NATIONSTAR MORTGAGE, LLC,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Remand** [#14][1] (the "Motion"). Defendants filed a Response [#15]. Plaintiff did not file a reply. The Court has reviewed the Motion, the Response, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#14] is **DENIED**.[2]

**I. Background**

On January 3, 2007, Plaintiff obtained a loan to purchase property in Greeley, Colorado. *See Compl.* [#5] at 3; *Response* [#15] at 2. The loan was in the amount of

---

[1] "[#14]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See Order of Reference* [#19].

$232,000.  *Response* [#15] at 2.  The loan was secured by Plaintiff's home (the "Property"). *See generally Motion* [#14]; *Response* [#15] at 2.  Plaintiff defaulted on the loan.  *Compl.* [#5] at 3, ¶¶ 8-9.  Defendants received an Order Authorizing Sale from Weld County District Court on September 10, 2014 and foreclosed the Property.  *Id.* at 3, ¶¶ 10-11; *Response* [#15] at 2.  At the foreclosure sale, the Property was sold to Defendant U.S. Bank National Association ("U.S. Bank") for $280,831.93.  *Response* [#15] at 2.  A confirmation deed was recorded on March 4, 2015, after the expiration of the redemption period.  *Id.*

Plaintiff filed a Complaint in the District Court for Weld County on March 19, 2015. *See generally Compl.* [#5].  In the Complaint, Plaintiff seeks declaratory relief pursuant to Colo. R. Civ. P. 105.  *Id.* at 5-6.  Plaintiff seeks a "determination by the Court that Ms. Gama is the sole owner of the property . . . ."  *Id.* at 6, ¶ B.  Plaintiff also seeks injunctive relief pursuant to Colo. R. Civ. P. 65.  *Id.* at 5, ¶ 37.  Plaintiff specifically asks for "injunctive relief preventing the filing of a Forcible Entry and Detainer action" and "[i]njunctive relief preventing the conveyance of the subject property to a third party . . . ."  *Id.* at 6, ¶¶ D, E. In the Complaint, Plaintiff does not assert a dollar value for the declaratory or injunctive relief she seeks.  *See generally Compl.* [#5].  Further, Plaintiff does not address any financial obligation to Defendant U.S. Bank or Defendant Nationstar Mortgage, LLC she might have if the Court orders the declaratory and injunctive relief she requests. *Id.* Finally, Plaintiff seeks actual and "statutorily provided for" damages for alleged violations of the Consumer Finance Protection Bureau regulations set forth in 12 C.F.R. § 1024.[3] *See Compl.* [#5] at 4.

---

[3] Plaintiff specifically cites the following regulations:  § 1024.38(b), § 1024.41(a), § 1024.41(b)(1), § 1024.41(c)(I), § 1024.41(f)(2), and § 1024.41(h)(2).  *Compl.* [#5] at 3, ¶¶ 24-28.

Defendants filed a Notice of Removal [#1] on April 17, 2015, removing the case to this Court on the basis of diversity jurisdiction.[4] There is no dispute that the parties are completely diverse in citizenship. *Motion* [#14] ¶ 8; *Notice of Removal* [#1] at 3, ¶ 6. Only the amount in controversy is in question. *Motion* [#14] ¶ 9; *Response* [#15] at 1-2. Defendants assert that Plaintiff's claims for relief satisfy the jurisdictional requirement that the value of the claim at issue exceeds $75,000. *Response* [#15] at 5. Defendants contend that the $75,000 requirement is met because Plaintiff seeks to quiet title, a remedy which Defendants contend determines the amount in controversy. *Id.* at 4. Defendants further argue that the amount in controversy is the value of the property at issue. *Id.* at 3. Defendants assert that the value of the property at issue is no less than $280,831.93, the amount the Property sold for at the foreclosure sale (the "Market Value"). *See generally Response* [#15].

Conversely, Plaintiff argues that the value of her claim should be measured by the amount of equity in the Property, which she contends is far less than the $75,000 threshold. *Motion* [#14] at 3. Plaintiff argues that "[t]he relief requested would not only restore a title interest in the Plaintiff, but it would also reinstate the mortgage. Thus, the net gain to the

---

[4] Neither party addresses whether the Court has federal question jurisdiction. *See generally* Notice of Removal [#1]; *see generally* Motion [#14]. Furthermore, the burden to establish federal jurisdiction rests with Defendants. *See Kokkonen v. Guardian Life*, 511 U.S. 375, 377 (1994); *McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 78, 189 (1936). The Court notes, without deciding, that it may also have federal question jurisdiction based on Plaintiff's assertion of a cause of action under a federal regulation. See, e.g., *Bar J Sand and Gravel, Inc. v. Western Mobile New Mexico, Inc.*, No. Civ. 05-800JBWPL, 2005 WL 3663689, at *3 (D.N.M. Sept. 29, 2005) (noting that compliance with a federal regulation is a federal question); *Calumet Gaming Group-Kansas, Inc. v. Kickapoo Tribe of Kansas*, 978 F. Supp. 1321, 1326 (D. Kan. 1997) (noting that a claim involving federal regulations under a federal statute might raise a federal question). Regardless, because the Court is satisfied that diversity jurisdictional requirements are met, the Court need not determine whether federal question jurisdiction also exists in this case.

Plaintiff would not be the value of the home . . . ." *Id.* at 2.  Plaintiff contends the value of her claim (the "Equity in the Property") is equal to the value of the Property at the time of the foreclosure sale minus any amounts owed pursuant to the loan note.  *Id* at 3.  Plaintiff did not provide an estimate of the Equity in the Property.  *Id.*  Plaintiff further contends that because Defendants did not provide an estimate of the Equity in the Property, Defendants failed to meet their burden of proving that the amount in controversy exceeds $75,000.  *Id.*

## II. Standard of Review

The Court has a sua sponte obligation to "satisfy itself of its power to adjudicate . . . ."  *Tafoya v. U.S. Dep't of Justice, Law Enforcement Assistance Admin.*, 748 F.2d 1389, 1390 (10th Cir. 1984) (citing *Treinies v. Sunshine Min. Co.*, 308 U.S. 66; *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982); *Mendoza v. K-Mart, Inc.*, 587 F.2d 1052 (10th Cir. 1978)).

Pursuant to 28 U.S.C. § 1441, a state court defendant may remove the action to federal court "when a federal court would have had jurisdiction if the case had been filed there originally."  *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). When the basis of removal is allegedly diversity of citizenship, the parties must be completely diverse and the amount in controversy must exceed $75,000.  *See* 28 U.S.C. §1332(a).  The removing party has the burden of demonstrating that removal is appropriate.  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). "Because [P]laintiff's complaint does not recite a specific dollar amount of recovery sought, the burden is on [D]efendants to establish by a preponderance of the evidence that the jurisdictional minimum is satisfied." *Hill v. Am. Family Mut. Ins. Co.*, No. 08-CV-01447-

REB-KLM, 2008 WL 4533661, at *1(D. Colo. Oct. 3, 2008) (citing *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001)).

When a plaintiff seeks declaratory relief and injunctive relief, the amount in controversy "is measured by the value of the object of the litigation." *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (holding that the object of litigation was the right of apple growers and dealers to conduct their business, the value of which should be calculated by the losses that followed from the disputed statute's enforcement). When the object of the litigation is real property and the relief requested is to quiet title, the amount in controversy is "the value of the realty directly affected." *Sanchez v. Taylor*, 377 F. 2d 733, 736 (10th Cir. 1967) (citing *A. C. McKoy, Inc. v. Schonwald*, 341 F.2d 737 (10th Cir. 1965); *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604 (10th Cir. 1996); *Jones v. Box Elder Cnty.*, 52 F.2d 340 (10th Cir. 1991)). Neither the Tenth Circuit, nor the District Courts of Colorado, have explicitly stated whether the value of the realty means the amount of the owner's equity in the property or the market value of the property.

Three standards have emerged in different jurisdictions. First, the Tenth Circuit has relied on a deed of trust to show that the value of the property at issue exceeded the jurisdictional threshold. *Warner v. CitiMortgage, Inc.*, 533 F. App'x 813, 816 (10th Cir. 2013). Second, district courts in the Sixth and Ninth Circuits have held that when the plaintiff seeks to quiet title to property following a foreclosure sale, the amount in controversy is established by the fair market value of the property. *McGhee v. CitiMortgage, Inc.*, 834 F. Supp. 2d 708, 712 (E.D. Mich. 2011); *see also Kehoe v. Aurora Loan Servs. LLC*, No. 3:10-cv-00256-RCJ-RAM, 2010 WL 4286331, at *4 (D. Nev. Oct. 20,

2010). Third, courts in the Eighth and Ninth Circuits have held that when both the amount outstanding on a mortgage and the market value of the property exceed $75,000, the court does not need to determine which is the appropriate measure to establish the amount in controversy, because either will suffice. *See Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973) (finding that the amount outstanding was approximately $18,000 and the market value of the property was approximately $34,000, so the $10,000 jurisdictional requirement was far exceeded); *Reyes v. Wells Fargo Bank, N.A.*, C-10-01667 JCS, 2010 WL 2629785, at *6 (N.D. Cal. June 29, 2010) (finding that the amount outstanding was $460,946.68 and the market value of the property was $220,000, so the $75,000 jurisdictional requirement was far exceeded); *Garland v. Mortgage Elec. Registration Sys., Inc.*, No. 09-71 (JNE/JJG), 2009 WL 1684424, at *3 (D. Minn. June 16, 2009) (finding the amount outstanding was $350,000 and market value of the property was $400,000, so the $75,000 jurisdictional requirement was far exceeded).

In order to remand this action for lack of jurisdiction, it must be legally certain that the claimed amount is less than the required jurisdictional amount. *Warner,* 533 F. App'x at 816.

### III. Analysis

The parties agree that, for the purpose of diversity jurisdiction, the parties are completely diverse. *Motion* [#14] at 2, ¶ 8; *Response* [#15] at 3. On reviewing the alleged facts, the Court finds no reason to hold otherwise. *See generally Notice of Removal* [#1] at 3, ¶¶ 7-9; *Compl.* [#5] at 1, ¶ 1; *Motion* [#14] at 2, ¶ 8.

Because diversity of citizenship has been sufficiently established, the only remaining question is whether the amount in controversy exceeds the $75,000 jurisdictional requirement. To determine the amount in controversy, federal courts first look to the allegations in the complaint. *Klein Frank, P.C. v. Girards*, No. 12-CV-01843-PAB-KMT, 2012 WL 6720687, at *1-2 (D. Colo. Dec. 27, 2012). In her Complaint, Plaintiff seeks declaratory and injunctive relief. *See generally Compl.* [#5]. Plaintiff specifically asks the Court to declare her "the sole owner of the property located at 7110 W. 12th Street, Greeley, CO." *Compl.* [#5] at 3, ¶ B. Plaintiff also seeks injunctive relief; she asks the Court to enjoin Defendants from attempting to remove her from the Property through the filing of a Forcible Entry and Detainer action, and she also asks the Court to enjoin Defendants from conveying the Property to a third party. *Id.* at 3, ¶¶ B, D, E. If Plaintiff were to succeed on her claims and the Court granted her the relief she requested, Plaintiff would be restored as the title owner of the property. *See generally Compl.* [#5]. Plaintiff does not, however, specify the value of her claims, nor does she address any obligation to Defendant U.S. Bank or Defendant Nationstar Mortgage, LLC she might have if the Court reinstated her as title owner. *Id.*

On the face of Plaintiff's claims, her request to be declared the "sole owner" of the Property implies that she would own it outright, without obligation to any lender. If that is the case, the $75,000 threshold is clearly exceeded, as the Property sold for much more at the foreclosure sale. Regardless, because Plaintiff simultaneously argues that if she were declared "sole owner" she would still owe money to the lender and therefore would only receive value reflected by the equity in the Property, the Court further examines her assertion.

Because Plaintiff did not specify the amount in controversy in her Complaint, the Court must look to the Notice of Removal. *See Dart Cherokee Basin Operating Co., LLC, v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Klein Frank*, 2012 WL 6720687, at *1-2. In the Notice of Removal, Defendants provide exhibits to demonstrate the value of the Property.[5] *See Notice of Removal*, [#1-2, #1-3, #1-4]. "[B]eyond the complaint itself, other documentation can provide the basis for determining the amount in controversy . . . ." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). First, Defendants attach the Deed of Trust issued to Plaintiff, showing the amount of the loan ($232,000) and the address of the Property. *See Notice of Removal, Ex. 2* [#1-2]. Second, Defendants attach the Warranty Deed, showing the price Plaintiff originally paid ($290,000) for the Property. *See Notice of Removal, Ex. 3* [#1-3]. Third, Defendants attach the Certificate of Purchase, showing that Defendant U.S. Bank purchased the Property during a foreclosure sale for $280,831.93 prior to the original filing of this action in Weld County. *See Notice of Removal, Ex. 4* [#1-4]. Plaintiff does not dispute these facts. *See generally Compl.* [#5]; *see generally Motion* [#14]. "In some situations this sort of evidence alone will allow a defendant to support its claims regarding the amount in controversy." *McPhail*, 529 F.3d at 956 (noting that in a breach of contract claim, by way of example, a defendant can conclusively support a request for diversity jurisdiction by attaching a copy of the contract valued at more than $75,000).

---

[5] Because the Motion challenges facts on which subject matter jurisdiction is based, the Court has wide discretion to consider documents outside of the complaint. Fed. R. Civ. P. 12(b)(1); *see also Pringle v. United States,* 208 F.3d 1220, 1222 (10th Cir. 2000).

Both parties agree that the object of the litigation is the Property. *Response* [#15] at 5; *Motion* [#14] at 2. Defendants contend that the amount in controversy is determined by the purchase price of the Property at the foreclosure sale. *See Response* [#15] at 5. In support of their position, Defendants cite the Tenth Circuit[6] and district courts in the Tenth Circuit.[7] *Id.* at 3. These cases generally assert that the amount in controversy is determined by the value of the realty. In contrast, Plaintiff contends that the value of the Property is the equity in the Property. *See Motion* [#14] at 2. Plaintiff cites a single case, *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995), *abrogated by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014), to support this contention. *Id.* However, the Court's independent review concludes that *Laughlin* does not support Plaintiff's contention that the value of the realty is the equity in the property. *Laughlin* held that diversity jurisdiction was not established because the removing party failed to

---

[6] Defendant cites to the following cases from the Tenth Circuit Court of Appeals: *Sanchez v. Taylor*, 377 F.2d 733, 736 (10th Cir. 1967) (holding that the amount in controversy threshold is exceeded because the defendant paid almost $500,000 for the land, and that when the relief requested is to quiet title, the amount in controversy is measured by "the value of the realty directly affected") (citing *A.C. McKoy, Inc. v. Schonwald*, 341 F.2d 737, 739 (10th Cir. 1965) (holding that where a mineral right is "clouded" by an oil-and-gas lease, the amount in controversy is determined by the increased value of the mineral right without the lease or the diminished value of the mineral right as it is burdened by the lease)); *Lovell v. State Farm Mut. Auto Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (holding that the defendant's potential liability, as measured by the amount it would cost the defendant to comply with the requested injunctive and equitable relief sought by the plaintiff, can be used to determine the amount in controversy).

[7] Defendant cites to the following district court cases from within the Tenth Circuit Court of Appeals: *Schwartz v. Atlas KS Energy, LLC*, No. 12-1375-JWL, 2013 WL 328977, at *1 (D. Kan. Jan. 29, 2013) (holding that where the object of litigation is an oil-and-gas lease governing a natural gas well, the amount in controversy is measured according to the production value of the well, rather than "the sunk costs of drilling the well which defendants would have incurred regardless of the well's production") (internal quotation marks omitted); *Gallagher v. Greenpoint Mortg. Funding, Inc.*, No. 2:14-CV-50 TS, 2014 WL 3729805, at *2 (D. Utah July, 28, 2014) (finding that the amount in controversy exceeded $75,000 because the "tax assessed value of the property was $215,800 in 2013 and the amount owed on the loan was more than $75,000").

affirmatively establish the amount in controversy on the face of the removal notice. *Laughlin* was abrogated by *Dart Cherokee,* 135 S. Ct. 547, which held that defendants "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554. *Laughlin* is inapplicable because Defendants have affirmatively established the amount in controversy on the face of the Notice of Removal, and though not required to, included evidence to support their assertion. *See Notice of Removal* [#1] at 4, ¶13. Furthermore, *Laughlin* does not hold that where a home, subject to a mortgage, is the object of the litigation, the value of the claim is the market value of the home minus the outstanding mortgage. *See generally* 50 F.3d 871.

Within the Tenth Circuit, the Court finds that *Warner v. CitiMortgage, Inc.* is the most analogous case. 533 F. App'x 813. In *Warner,* the plaintiffs sought to be reinstated as owners of their home after it was sold in a foreclosure sale. *Id.* at 814. The defendants removed the suit to federal court on the basis of diversity jurisdiction, and the plaintiffs contested jurisdiction by arguing that the defendants failed to prove that the amount in controversy exceeded $75,000. *Id.* at 815. The plaintiffs, like Plaintiff here, requested that they be reinstated as title owners of the home, without mention of whether they might have, or the court might resurrect, an obligation to the mortgage holder. *Id.* at 816. Although the opinion makes no reference to a mortgage on the property, it is apparent that there was an outstanding mortgage on the property given that the plaintiff's home was sold in a foreclosure sale. *See generally Warner*, 533 F. App'x 813. The defendants argued that the amount in controversy was *at least* the value of the home at the time of the loan, though

the market value of the home was greater than the deed of trust indicated. *Id.* at 816 (emphasis added). The Tenth Circuit held that the deed of trust, which showed the value of the home at the time of the loan was $268,500, "was sufficient to establish by a preponderance of the evidence the possibility that the value of the [p]roperty that plaintiffs sought to recover exceeded $75,000." *Id.* The court did not contemplate whether the appropriate measure of the amount in controversy was the value of the home at the time of the loan or the value of the home at the time of the foreclosure sale. *Id.*

In addition, courts in other jurisdictions have held that when a plaintiff specifically seeks to quiet title as a result of an alleged improper foreclosure sale, the amount in controversy is established by the fair market value of the foreclosed property. *McGhee*, 834 F. Supp. 2d at 712; *see also Kehoe*, 2010 WL 4286331, at *4. For example, in *McGhee v. CitiMortgage, Inc.,* the plaintiff sought to quiet title after a foreclosure sale. The court used the fair market value of the property to determine the amount in controversy because "that approach best conforms with the requirement that the [c]ourt consider the amount in controversy from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *Id.* (quoting *Smith v. Nationwide Prop. & Gas. Ins. Co.,* 505 F.3d 401, 407) (6th Cir. 2007)) (internal quotation marks omitted). The court in *McGhee* relied on a comparable market analysis instead of the foreclosure sale price because residential property values in the City of Detroit plummeted following the foreclosure sale. *Id.* at 713. The comparable market analysis showed the home was valued at $11,101, and as such, the court held that the defendants did not meet their burden. *Id.* at 712. Such unusual circumstances do not exist in the present case.

Alternatively, other courts look to the amount owed on the mortgage loan to determine the amount in controversy. *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973). The *Garfinkle* court specifically looked to the amount outstanding on the loan, not the equity in the home, to determine the amount in controversy. *Id.* However, when both the amount outstanding on the loan and the fair market value exceed the jurisdictional minimum, courts have declined to conclusively decide whether fair market value or the amount outstanding on the mortgage loan was the appropriate measure to establish the amount in controversy. *See Garfinkle*, 483 F.2d at 1076; *see also Reyes*, 2010 WL 2629785, at *6; *Garland*, 2009 WL 1684424, at *3.

Based on *Warner*, the Court concludes that the amount in controversy is determined by, at the very least, the value of the home as indicated by a deed of trust, if not the value at the time Plaintiff purchased the home. 533 F. App'x at 816. The Deed of Trust shows the value of the Property to be $232,000. *Notice of Removal, Ex. 2* [#1-2]. Therefore, under *Warner*, the amount in controversy requirement is exceeded.

The amount in controversy in the current case is also satisfied under the alternative tests outlined by *McGhee* and *Garfinkle*. According to *McGhee*, the amount in controversy is determined by the fair market value of the foreclosed property, which Defendants have shown is $280,831.93. *See Notice of Removal, Ex. 4* [#1-4]. According to *Garfinkle*, when both the amount outstanding on the loan and the market value of the property exceed $75,000, the amount in controversy requirement is met. 483 F.2d at 1076. Following the reasoning in *Garfinkle*, because the amount outstanding on the loan is $264,606.75 and the market value of the Property is $280,831.93, the amount in controversy requirement is met. *See Motion* [#14] at 2, ¶ 4.

"Jurisdictional allegations are usually sufficient, but they must be well founded, and when challenged, the [Defendants] must show that they have substance. . . ." *A. C. McKoy*, 341 F.2d at 738. The evidence provided by Defendants shows that at the time of removal, the Market Value of the Property was $280,831.93 and the Deed of Trust shows a loan for $232,000. *See Notice of Removal* [#1-2, #1-3, #1-4]. Plaintiff asserts an unpaid principal balance on the mortgage of $264,606.76. *See Motion* [#14] at 2, ¶ 4. The amount in controversy, whether measured by the Market Value of the Property, the amount shown on the Deed of Trust, or the amount owed on the mortgage, clearly exceeds $75,000. Thus, Defendants have met their burden of showing by a preponderance of the evidence that the amount in controversy is met.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** the Motion [#14].

Dated: November 16, 2015                BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge